

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AGNIESZKA GOSPODARCZYK,

Plaintiff,

v.

STATE OF NEW YORK,

Defendant.

**COMPLAINT**

Case No.

ECF Case

CV 12-3753

SUMMONS ISSUED

Plaintiff AGNIESZKA GOSPODARCZYK, by and through her attorneys, TOMASZ J.

PIOTROWSKI and STEVEN M. WARSHAWSKY, complaining of the defendant, respectfully

alleges as follows:

## NATURE OF THE ACTION

1.     This is civil action for unlawful employment discrimination based on race, color, and

national origin and for unlawful retaliation for engaging in protected activity, brought pursuant to

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

2.     Throughout her employment plaintiff Ms. Agnieszka Gospodarczyk was the victim of

hostile, abusive and discriminatory treatment perpetrated by her supervisors and co-workers at

the New York State Department of Labor. On a daily basis, she was called "Polish bitch" and

told to "go back to her Country" and to "go fuck herself." She was mocked, ridiculed and made

fun of her appearance and her hair. On at least five different occasions, she was chased by a co-

worker in her car on the streets. She was bumped into by a co-worker in a hallway. She had her

car spat on and had sexually obscene gestures and the middle finger shown at her. On a daily

basis, she was cursed at in the office hallways, lunchroom, and the restroom. She was falsely

accused of being a "racist." Although, Ms. Gospodarczyk objected to this mistreatment and

complained numerous times to her supervisors, the harassment and abuse continued. Furthermore, in retaliation for her complaints, Ms. Gospodarczyk was segregated from the rest of her co-workers by not being allowed to use certain parts of the office. She further was instructed to contact certain co-workers solely by telephone. Finally, after her legal counsel sent a letter to her employer demanding that the discriminatory treatment stop, she was wrongfully terminated without being given any reason.

## JURISDICTION

3.      This Court has subject matter jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

## VENUE

4.      Proper venue is in the Eastern District pursuant to 28 U.S.C. § 1391(b), as the relevant events which gave rise to this action occurred in Queens County, New York.

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action on each of her claims.

## PARTIES

6.      Plaintiff Agnieszka Gospodarczyk ("Gospodarczyk") (Ag-nyeh-shka Gos-puh-dar-chik) is an adult citizen of the United States residing in the State of New York, Queens County.

7.      Defendant State of New York is the government entity of which the employing agency is a part. The plaintiff worked for the New York State Department of Labor ("DOL"), which is an executive agency of the State of New York established pursuant to Article 2 of the New York State Labor Law with offices at the State Office Building Campus in Albany, New York.

8.      Defendant DOL employs approximately 4,800 people in offices across the State of New York.

## PROCEDURAL ALLEGATIONS

9.     On October 4, 2011, plaintiff timely filed a complaint with the New York State Division

of Human Rights ("NYSDHR") under Case Number: 10151079. This complaint alleged that the

defendant unlawfully discriminated against Ms. Gospodarczyk on the basis of her race, color,

disability, and national origin.

10.     As a part of the dual filing system, plaintiff's complaint was filed with the Equal

Employment Opportunity Commission ("EEOC") under Federal Charge Number: 16GB200047.

11.     On March 28, 2012, the NYSDHR dismissed plaintiff's complaint for administrative

convenience. (Attached hereto as Exhibit "A")

12.     Thereafter, the EEOC, by notice dated May 3, 2012, issued a statutory "Notice of Right

to Sue" letter. (Attached hereto as Exhibit "B")

13.     This action is being filed within the required ninety (90) day period following plaintiff's

receipt of said notice.

## STATEMENT OF FACTS

**Employment History**

14.     Ms. Gospodarczyk is a 36 year old, white, Polish woman.

15.     On or about December 10, 2009, she was hired by DOL as a Labor Service

Representative at the Flushing Workforce Career Center located at 138-60 Barclay Avenue,

Flushing, NY 11355.

16.     As a Labor Service Representative ("LSR") Ms. Gospodarczyk provided employment

services to job seekers and employers. She also provided information and services to DOL

customers related to Unemployment Insurance benefits pursuant to State and Federal laws and

regulations.

17.    As an LSR, Ms. Gospodarczyk counseled and assisted customers in securing suitable

employment.  As a part of her duties and responsibilities, Ms. Gospodarczyk interviewed DOL

customers; provided them with employment strategy and resume advice; assisted in job searches;

and provided information regarding occupational, educational and training programs.

Additionally, she determined DOL customers' eligibility and processed their Unemployment

Insurance claims.

18.    Ms. Gospodarczyk was qualified for her position as a Labor Service Representative.

19.    During her employment, Ms. Gospodarczyk consistently received satisfactory

performance evaluations from her supervisors, including in: August 2010; September 2010;

October 2010; November 2010; December 2010; January 2011; and February 2011.

20.    Ms. Gospodarczyk also received several letters from DOL customers expressing their

gratitude for Ms. Gospodarczyk's help in securing employment and praising Ms. Gospodarczyk

for her enthusiasm and professionalism.  Two of the letters were forwarded by the Office

Manager, Tara Brooks-Smith to DOL's office in Albany.

**The Hostile Work Environment**

21.    Throughout her employment, Ms. Gospodarczyk was treated in a discriminatory fashion

based on her race, color and national origin, and was subjected to continuous discriminatory,

hostile and abusive treatment from several employees, including Rebecca Francois (a black

female), Anna Santana (a Hispanic female), Carmen Lopez (a Hispanic female), and Nancy

Santana (a Hispanic female).

22.    On almost an everyday basis, Ms. Gospodarczyk was subjected to offensive and

discriminatory comments, such as: "Go back to your country"; "Get back to your fucking desk,

where you belong, bitch"; "Fuck you"; "You Polish bitch."

23.     Further, Ms. Gospodarczyk had been subjected to physical bullying by these employees, including instances in which Ms. Francois spat on Ms. Gospodarczyk's car and Ms. A. Santana intentionally bumped into her while walking in the DOL office hallway.

24.     Other acts include these individuals' intentional refusal, on a daily basis while at work, to speak English in Ms. Gospodarczyk's presence and mocking and ridiculing her in Spanish.

25.     Another incident includes Ms. N. Santana screaming at Ms. Gospodarczyk in the common lunch room, calling her a "racist" in an attempt to incite other employees against her. This incident occurred in or about the fall of 2010.

26.     These comments are baseless and were made for the sole purpose to alienate and damage Ms. Gospodarczyk's reputation among her black and Hispanic co-workers who referred to each other as "sisters" or the "sisterhood."

27.     Furthermore, Ms. Gospodarczyk was specifically told by Ms. N. Santana and Ms. Francois that "because you are white with blue eyes, certain people here will always hate you."

28.     Ms. Francois also told Ms. Gospodarczyk on numerous occasions: "I am black. I am an immigrant. I am close to supervisors. I can get away with murder."

**Management Refuses To Address Plaintiff's Complaints**

29.     On numerous occasions, in an attempt to stop the discriminatory treatment and hostile work environment, Ms. Gospodarczyk reported these various incidents of abuse and name-calling to her supervisors.

30.     She sought out assistance from several supervisors, including Peter Stuelpner (a white male), Adrienne Bellomo (a white female), and the Office Manager, Tara Brooks-Smith (a black female).

31.     Each time however her complaints were dismissed and ignored.

32.     Also, in response to plaintiff's complaints to Ms. Brooks-Smith regarding:

    a.  <u>harassment incidents outside the office</u>: plaintiff was told those were outside DOL's jurisdiction;

    b.  <u>coworkers refusing to speak to Ms. Gospodarczyk in English while at work</u>: plaintiff was told people "can speak whatever language they want."

33.     On or about September 30, 2010, during a conversation about the discriminatory treatment of Ms. Gospodarczyk by her non-white, non-Polish coworkers and supervisors, plaintiff's supervisor Mr. Stuelpner advised Ms. Gospodarczyk by saying: "Stay away from these people.  Ignore them.  Do your job the best you can and ignore it because you don't have any chances to do anything with this here."

**Retaliation From The Management**

34.     As a result of her complaints Ms. Gospodarczyk experienced retaliation from the management, where she became the subject of investigations of the very complaints which she herself initiated.

35.     For instance, in response to Ms. Gospodarczyk's complaints of bullying and abusive behavior by Ms. Francois, it was Ms. Gospodarczyk who was segregated and instructed not to enter certain areas of the office.  Further, she was instructed to contact certain co-workers solely by telephone.

36.     In an email dated October 19, 2010, Ms. Gospodarczyk was specifically instructed by her supervisor Ms. Bellomo, "not to visit the Side of the office where Rebecca [Ms. Francois] sits." In the same email Ms. Gospodarczyk was further instructed to contact certain DOL department representatives only by telephone.

6

37.    Ms. Gospodarczyk received similar instructions from the Office Manager, Ms. Brooks-Smith. In an email dated October 19, 2010, Ms. Brooks-Smith wrote: "please use the telephone or use the supervisory staff so that you do not need to go into that particular area."

38.    As a result, Ms. Gospodarczyk was segregated, limited in her access to enter certain office areas, and limited in her ability to contact and interact with co-workers. Such segregation lasted until the day Ms. Gospodarczyk was terminated seven months latter.

39.    The same restrictions did not apply to Ms. Francois or the other employees who were harassing Ms. Gospodarczyk.

40.    Furthermore, despite the fact that Ms. Gospodarczyk informed the Office Manager, Ms. Brooks-Smith, that Ms. Francois moved freely around the office, particularly around Ms. Gospodarczyk's work space and acted in a harassing manner, no action was taken.

41.    As another example of management retaliation, during a meeting on August 10, 2010, Ms. Gospodarczyk was specifically instructed by her supervisors (Ms. Bellomo, Mr. Joel Schufman, and Ms. Diana Richman) that a conflict between employees should be resolved first at the lowest level between the employees and if that did not bring the desired resolution, the employee should inform the supervisor.

42.    As instructed, on September 10, 2010, Ms. Gospodarczyk followed these guidelines when she emailed Ms. N. Santana and instructed her to stop any further harassing conduct towards Ms. Gospodarczyk. Further, Ms. Gospodarczyk warned Ms. N. Santana that if Ms. N. Santana continues with her harassing conduct, Ms. Gospodarczyk would file an official complaint with the Office Manager, Ms. Brooks-Smith and the Human Resources Unit.

43.     Despite the fact that Ms. Gospodarczyk followed the office guidelines when she emailed Ms. N. Santana, on October 1, 2010, she was officially reprimanded for "improper use of office email" and had a negative comment placed in her personal history folder.

44.     Upon information and belief, no non-white, non-Polish employee was reprimanded for similar use of the office email.

## Plaintiff Seeks Medical And Legal Assistance

45.     As a result of the ongoing discriminatory and hostile work environment, Ms. Gospodarczyk, suffered a great ordeal of emotional distress, which required her to consult a physician and begin a course of medication and therapy.

46.     Ms. Gospodarczyk also sought the assistance of legal counsel in an attempt to stop the hostile work environment.

47.     On or about October 19, 2010, during a meeting with the Office Manager, plaintiff advised Ms. Brook-Smith of her intention to be represented by legal counsel.

48.     In an email dated October 19, 2010, and carbon copied to nine DOL members, Ms. Brook-Smith summarized her meeting with Ms. Gospodarczyk and plaintiff's decision to obtain legal counsel.

49.     On or about December 9, 2010, plaintiff's counsel sent a letter to DOL and instructed DOL to cease and desist any discriminatory treatment of Ms. Gospodarczyk.

50.     Despite plaintiff counsel's letter, the discriminatory and abusive treatment of Ms. Gospodarczyk did not stop.

## Hostile Work Environment And Retaliation Intensifies

51.     In retaliation for her decision to obtain legal counsel, and her counsel's letter to DOL's supervisors and the Commissioner of Labor, Ms. Gospodarczyk was subjected to even more hostile and abusive treatment.

52.     For example, on or about December 9, 2010, Ms. Francois, together with her two teenage sons, waited for plaintiff by the DOL's office exit. After Ms. Gospodarczyk left the building, Ms. Francois and her sons followed her to the parking lot.  When Ms. Gospodarczyk was attempting to drive away in her car, Ms. Francois blocked plaintiff with her car, while her sons made obscene and sexual gestures towards Ms. Gospodarczyk.  Then as plaintiff drove away, Ms. Francois chased Ms. Gospodarczyk in her car on the road and kept cutting her off, as her sons continued making sexually obscene gestures and showing plaintiff the middle finger.

53.     As a result of this incident, on December 14, 2010, Ms. Gospodarczyk filed a police report alleging harassment against Ms. Francois.

## Plaintiff Contacts DEOD

54.     Due to the intensifying hostile and abusive work environment, on or about December 14, 2010, Ms. Gospodarczyk emailed DOL's Division of Equal Opportunity Development ("DEOD") and requested their assistance in filing a discrimination complaint.

55.     Plaintiff's act of contacting DEOD had further retaliatory consequences.

56.     On January 10, 2011, Ms. N. Santana together with Ms. Francois waited for Ms. Gospodarczyk after work by the DOL's office exit.  Then they followed the plaintiff while mocking and antagonizing her by making discriminatory comments regarding plaintiff's appearance and her hair.  Furthermore, Ms. Francois and her teenage son once again chased Ms.

Gospodarczyk's car on the road, cutting her off while making sexually obscene gestures and
showing plaintiff the middle finger.

**Plaintiff Complaints Are Ignored**

57.     On January 11, 2011, plaintiff reported these events to the Labor Relations

Representative, Ms. Regina Shields. In her email Ms. Gospodarczyk desperately asked: "Could

anyone tell me what should I do in order to avoid these bullying and pathological abusers? Do I

need to wait for the next 5 months till something bad happens?"

58.     In her January 18, 2011, email the Labor Relations Represenative, Ms. Shields

responded:

> "As a public employer, the Department of Labor is charged with protecting its employees
> against discriminatory practices inside our workplace. I trust that a DEOD representative
> will set up an appointment to meet with you shortly to investigate your concerns. In the
> meantime, please understand the Department of Labor has no authority or control over
> occurrences *outside* of the workplace. The incidents you describe downstairs by the
> building exit and on NYC streets are outside of our jurisdiction. As Ms. Brooks-Smith
> has already advised, you are free to report them to the police if you choose to do so.
> Incidents of verbal or non-verbal abuse *inside* the workplace are to be immediately
> reported to your supervisor or Tara Brooks-Smith. She has taken appropriate actions in
> documenting your version of all events as well as the statements of others."

59.     On or about January 26, 2011, Ms. Gospodarczyk filed an official complaint of

discrimination with DEOD.

60.     The complaint delineated various acts of discrimination that Ms. Gospodarczyk was

subjected to since the beginning of her employment.

61.     Despite filing the DEOD complaint, the hostile and discriminatory work environment did

not stop. On a daily basis Ms. Gospodarczyk continued to be mocked, ridiculed and subjected to

offensive and discriminatory comments and explicit gestures by her co-workers, including Ms.

Francois and Ms. N. Santana. Plaintiff was told to "go fuck herself" and shown middle finger.

These incidents took place in DOL's hallways, lunchroom, restroom, and outside the office building.

62.      Furthermore, in response to Ms. Gospodrczyk's complaints of the new incidents of discriminatory and hostile treatment by her co-workers, she was informed by her supervisors that nothing could be done, as long as DEOD was conducting its investigation.

63.      Despite overwhelming evidence demonstrating a discriminatory and hostile work environment, on March 22, 2011, DEOD issued a finding of no probable cause.

**Hostile Work Environment Continues**

64.      Subsequently to DEOD's determination, Ms. Gospodarczyk continued to be the subject of discriminatory and hostile treatment from her co-workers.

65.      Ms. Gospodarczyk was subjected to daily hostile ethnic comments and epithets from Ms. N. Santana and Ms. Francois in the lunchroom, the restroom and in front of the DOL building. Such comments included calling plaintiff a "Polish bitch."

66.      Also, in or about April of 2011 while in the restroom, both Ms. Francois and Ms. N. Santana told Ms. Gospodarczyk that "they would do anything in their power to get rid of her."

67.      Once again Ms. Francois and her teenage sons waited for and then intimidated Ms. Gospodarczyk by the DOL's office exit. Only after noticing that plaintiff was accompanied by another person, they left the scene. This incident took place sometime between March 28 and April 1, 2011.

68.      Ms. Gospodarczyk again reported these events in an April 5 email to her supervisors and the DEOD's representatives. The email was addressed to Ms. Brooks-Smith, Ms. Shields, Mr. Oliver, Mr. Stuelpner, Ms. Bellomo, Mr. Gillespie, and Ms. Ferrin.

69. Finally, throughout her employment Ms. Gospodarczyk voiced her concerns regarding DOL's management preferential treatment of black and Hispanic workers.

70. In or about January of 2011, Ms. Gospodarczyk reported to her supervisor Mr. Stuelpner that both Ms. N. Santana and Ms. Francois take excessive lunch breaks, including with their acting supervisor Ms. Adrian Berman.

71. On the very next day in retaliation for her report, Ms. Gospodarczyk was falsely accused by her supervisor Mr. Stuelpner and Ms. Berman of taking too long lunch breaks herself. Furthermore, during a conversation regarding coming late from lunch, Mr. Stuelpner said to Ms. Gospodarczyk: "People who live in glass houses shouldn't throw stones."

**Discriminatory And Hostile Work Environment Causes Plaintiff An Emotional Breakdown**

72. On or about April 7, 2011, while in the presence of her supervisor Mr. Schufman, plaintiff was once again mocked by Ms. Francois who made faces at her and showed her the middle finger.

73. When the distraught Ms. Gospodarczyk went to her cubicle to regain her composure, Ms. N. Santana followed her and further mocked and antagonized her.

74. At that point Ms. Gospodarczyk emotionally broke down into tears and went over to her supervisor Mr. Stuelpner. Plaintiff informed Mr. Stuelpner of the incident and told him that due to an anxiety attack she needed to immediately leave work, go home and to see her therapist.

75. After the incident Ms. Gospodarczyk went to her doctor who recommended that she refrain from work until further notice.

**Plaintiff Gets Fired**

76. By way of two letters dated April 8 and April 11, 2011, (only 17 days after the DEOD concluded plaintiff's investigation) Ms. Gospodarczyk was notified that based on "the

12

recommendation of your supervisors to terminate you" her employment was terminated effective

the close of business on April 19, 2011. Ms. Gospodarczyk was not given any reason for her

termination.

## FIRST CAUSE OF ACTION

### *Hostile Work Environment in Violation of Title VII, 42 U.S.C.A. § 2000e, et seq. ("Title VII")*

77.     Plaintiff restates and re-alleges paragraphs 1-76 of this Complaint.

78.     At all relevant times, DOL was plaintiff's employer within the meaning of Title VII.

79.     At all relevant times, plaintiff was an employee within the meaning of Title VII and was

qualified for her position.

80.     Title VII prohibits an employer from discharging or otherwise discriminating against an

employee in the terms, conditions, or privileges of employment because of the employee's race,

color and national origin.

81.     As alleged above, plaintiff has been discriminated against by DOL on the basis of her

race, color and national origin in violation of Title VII.

82.     As alleged above, plaintiff was subjected to an unlawful hostile work environment

because of her race, color and national origin. She also was subjected to a hostile work

environment in retaliation for her protected activity.

83.     Plaintiff's employer is liable for this hostile work environment under liability principles

applicable to both supervisory and co-worker harassment and because the DOL knew about this

hostile work environment and failed to take prompt and effective remedial action.

84.     As a result of defendant's discriminatory and wrongful conduct alleged herein, plaintiff

has suffered extreme mental anguish, emotional distress, humiliation and embarrassment, and

other compensable injuries.

## SECOND CAUSE OF ACTION

### _Disparate Treatment in Violation of Title VII, 42 U.S.C.A. § 2000e, et seq. ("Title VII")_

85.     Plaintiff restates and re-alleges paragraphs 1-84 of this Complaint.

86.     At all relevant times, DOL was plaintiff's employer within the meaning of Title VII.

87.     At all relevant times, plaintiff was an employee within the meaning of Title VII and was qualified for her position.

88.     Title VII prohibits an employer from discharging or otherwise discriminating against an employee in the terms, conditions, or privileges of employment because of the employee's race, color and national origin.

89.     Plaintiff has been discriminated against by DOL on the basis of her race, color and national origin in violation of Title VII.

90.     Plaintiff was subjected to disparate treatment because of her race, color and national origin.  This treatment has been fully set forth in this Complaint and includes _inter alia_: (1) segregating and instructing plaintiff not to enter certain areas of the office for approximately 7 months (until the day of her termination); (2) restricting plaintiff's access and ability to contact certain co-workers, solely by use of telephone; (3) subjecting plaintiff to different standards and write-up policies; (4) terminating plaintiff's employment.

91.     Defendant's acts constitute discrimination in violation of Title VII.

92.     As a result of defendant's discriminatory and wrongful conduct alleged herein, plaintiff has suffered lost income, extreme mental anguish, emotional distress, humiliation and embarrassment, and other compensable injuries.

## THIRD CAUSE OF ACTION

### *Retaliation in Violation of Title VII, 42 U.S.C.A. § 2000e, et seq. ("Title VII")*

93.     Plaintiff restates and re-alleges paragraphs 1-92 of this Complaint.

94.     At all relevant times, DOL was plaintiff's employer within the meaning of Title VII.

95.     At all relevant times, plaintiff was an employee within the meaning of Title VII and was qualified for her position.

96.     Title VII prohibits an employer from retaliating against an employee because the employee opposed any practice made an unlawful employment practice by Title VII or participated in any manner in an investigation under Title VII. This includes retaliating against an employee who opposed any practice that the employee reasonably and in good faith believed is prohibited by the statute.

97.     In violation of Title VII, as alleged herein, DOL retaliated against plaintiff when subjected her to an unlawful hostile work environment, to unlawful disparate treatment, and ultimately discharged her in retaliation for her protected activity and specifically in connection with the DEOD investigation, under circumstances giving rise to an inference of unlawful retaliation.

98.     As a result of defendant's discriminatory and wrongful conduct alleged herein, plaintiff has suffered lost income, extreme mental anguish, emotional distress, humiliation and embarrassment, and other compensable injuries.

WHEREFORE, Plaintiff demands the following relief against defendant:

    a.    An award of actual damages, in an amount to be proved at trial, for loss of wages and benefits, including an award of front pay for loss of future salary and benefits;

    b.    An award of damages in an amount to be proved at trial, to compensate plaintiff for mental anguish, extreme emotional distress, humiliation and embarrassment;

    c.    An award for costs of the action brought herein;

    d.    An award of reasonable attorney's fees, and;

    e.    Such other and further relief as this Court may deem just and proper.


Dated: Brooklyn, New York
       July 30, 2012


By:                          

Tomasz J. Piotrowski (TJP-5515)
T.J. Piotrowski Law Firm
176 Kent Street, Suite 2L
Brooklyn, NY 11222
Tel: (917) 612-0788
tomjerzy@msn.com

Steven M. Warshawsky (SW-5431)
The Warshawsky Law Firm
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Tel: (212) 601-1980
Fax: (212) 601-2610
smw@warshawskylawfirm.com

*Attorneys for plaintiff Agnieszka Gospodarczyk*

# EXHIBIT "A"



**ANDREW M. CUOMO**
GOVERNOR

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>AGNIESZKA GOSPODARCZYK,<br>                     Complainant,<br><br>v.<br><br>NEW YORK STATE, DEPARTMENT OF LABOR,<br>                     Respondent. | DETERMINATION AND ORDER OF DISMISSAL FOR ADMINISTRATIVE CONVENIENCE<br><br>Case No.<br>10151079 |

Federal Charge No. 16GB200047

     On 10/4/2011, Agnieszka Gospodarczyk filed a verified complaint with the New York State Division of Human Rights ("Division") charging the above-named respondent with an unlawful discriminatory practice relating to employment because of race/color, sex, national origin, opposed discrimination/retaliation, disability in violation of N.Y. Exec Law, art. 15 ("Human Rights Law").

     Pursuant to Section 297.3 of the Human Rights Law, the Division finds that noticing the complaint for hearing would be undesirable and the complaint, therefore, is ordered dismissed on the grounds of administrative convenience for the following reason(s):

The case should be dismissed for administrative convenience because the complainant intends to pursue this matter by litigation in Federal Court.

     Processing the complaint will not advance the State's human rights goals.

     Section 297.9 of the Human Rights Law provides that:

     ... where the Division has dismissed such complaint on the grounds of the administrative convenience, ... such person shall maintain all rights to bring suit as if no complaint had been filed.

     PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and

Petition <u>within sixty (60) days after service of this Determination</u>. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Your charge was also filed under Title VII of the Civil Rights Act of 1964. Your charge was also filed under the Americans with Disabilities Act (ADA). Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC). You have the right to request a review by EEOC of this action. To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112. Otherwise, EEOC will generally adopt our action in your case.

Dated: 7/19/12
Brooklyn, New York

STATE DIVISION OF HUMAN RIGHTS

By:
Joyce Yearwood-Drury
Director O.S.H.I.

- 2 -

# EXHIBIT "B"

EEOC Form 161 (11/09)

## U. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:   **Agnieszka Gospodarczyk**
**105-25 67th Avenue, Apt. 4A**
**Forest Hills, NY 11375**

From:   **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

| | |
|---|---|
| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2012-00047 | **Holly M. Woodyard,**<br>**Investigator** | **(212) 336-3643** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒   Other (briefly state)   **Charging Party wishes to pursue matter in Federal District Court.**

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

_____
**Kevin J. Berry,**
**District Director**

MAY 0 3 2012

(Date Mailed)

cc:

**NEW YORK STATE, DEPARTMENT OF LABOR**
**Building 12, State Campus, Room 509**
**Attn: Director of Human Resources**
**Albany, NY 12240**

**T.J. Piotrowski Law Firm**
**176 Kent Street, Suite 21**
**Brooklyn, NY 11222**